IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| **GARRY ROSEMOND BEY** | * |
| Plaintiff, | * |
| v. | *   Case No.: PWG-16-2800 |
| **JETZIBELL GENANO,** *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Self-represented Plaintiff Garry Rosemond Bey[1] is suing Takoma Park Police Officers Kurt Gilbert and Sada Merriman, Maryland District Court Commissioner Jeannine Mizell,[2] Maryland State's Attorney John McCarty and Assistant State's Attorney Michael J. Algeo, Residential One, LLC and Jetssibel Genao. Defendants move to dismiss the Complaint, Compl., ECF No. 2,[3] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted, Defs.' Mot., ECF No. 28. The Motion is fully briefed, Defs.' Mem., ECF No. 28-1;

---

[1] It appears from the District Court for Montgomery County's records that the Plaintiff's given surname is Rosemand, however, he refers to himself as Bey throughout his court filings. Accordingly, I too will refer to him as Bey.

[2] The Complaint misspells Mizell's name as "Jeannie Mizell." In addition, Genao's name was misspelled as "Jetzibell Genano."

[3] Defendants note that Bey omitted the final page of his Complaint when he filed it and failed to sign the filing. Defs.' Mem. 5. They urge me to dismiss the Complaint pursuant to Fed. R. Civ. P. 11(a). *Id.* If I dismissed the Complaint for Bey's failure to comply with Rule 11(a), I would need to give him an opportunity to submit an amended complaint. It is doubtful that this is the relief that the Defendants seek. Because of the substantive deficiencies in Bey's filings, I need not reach the failure-to-sign issue.

Pl.'s Opp'n, ECF No. 36[4]; Def.'s Reply, ECF No. 39, and no hearing is necessary, Loc. R. 105.6 (D. Md.). Because Plaintiff fails to state a claim, his Complaint will be dismissed.

## Background

Bey was arrested in February 2016 on charges of burglary, destruction of property and theft pursuant to a warrant issued by Defendant Commissioner Mizell, which allegedly contained unspecified false statements made by Defendants Takoma Park Police Officers Gilbert and Merriman and Residential One employee Genao. Compl. 2. Roughly one month after his arrest, the state of Maryland elected not to prosecute Bey and dropped the charges against him. *Id.* Bey alleges that his arrest violated his Fourth Amendment rights[5] and his supposed rights as an individual of "Moorish" descent, *id.*, and that the statements made by the police officers and Genao, which were memorialized in the warrant for his arrest, defamed him,[6] *see id.* at 3.

## Standard of Review

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Under this Rule, Bey's Complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim

---

[4] In addition to his Opposition, Bey also filed a response to my Letter Order Regarding the Filing of Motions, in which he opposes Defendants' Motion. ECF No. 37. As this letter provides no relevant additional information, I will not consider it.

[5] I will construe Bey's Fourth Amendment claim as an action pursuant to 42 U.S.C. § 1983. The Complaint also twice invokes the Fifth Amendment. *Id.* at 2, 8. As Bey never faced a trial at which his Fifth Amendment trial rights could have been infringed, *id.* at 2, I suspect that he mistakenly references this Amendment rather than the Fourteenth Amendment as the vehicle through which the Fourth Amendment has been made applicable to the states. *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

[6] Bey cites Md. Code Ann., Crim. Law § 9-501, which criminalizes making false statements to law-enforcement officers, as a cause of action for his defamation claim. *Id.* Mindful of my obligation to construe the Complaint liberally, I infer that Bey misunderstood the statute to prohibit false statements made *by* rather than *to* law enforcement officers and will construe the allegation as a common-law defamation claim. To the extent that Bey invokes the statute based upon statements made by Genao to the police officers, it is a criminal statute with no private cause of action and is not Bey's to enforce.

showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

Further, to withstand dismissal, Bey must make his allegations in a pleading, such as a complaint or an amended complaint.  Where, as here, a plaintiff attempts to cure pleading deficiencies by making factual assertions in a memorandum opposing the motion to dismiss, the Court may not consider them with respect to determining whether plaintiff has filed a plausible claim. *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (noting that a plaintiff "is bound by the allegations contained in [his] complaint and cannot, through use of motion briefs, amend the complaint").  Bey is proceeding *pro se*, and his Complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); however, liberal construction does not absolve Plaintiff from pleading plausible claims.  *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. District courts are not required to be mind readers, or to conjure questions not squarely presented to them.

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at * 1 (4th Cir. 1992) (per curiam) (internal citations omitted).

3

**Discussion**

Bey devotes the majority of his Complaint to asserting his rights under the "Divine Constitution and By-Laws of the Moorish Science Temple of America" under which he suggests that he is not subject to the jurisdiction of the United States insofar as it conflicts with Moorish law. Compl. 2. I have discussed similar claims before and will not dwell on this claim.[7] Suffice it to say, courts without exception have found such claims frivolous, and so do I.

As for Bey's § 1983 claim, Defendants note in their Memorandum in Support of their Motion to Dismiss, Defs.' Mem. 6, that under exceptionally narrow circumstances, a plaintiff may pursue damages through § 1983 for an unlawful seizure pursuant to an arrest warrant, *Miller v. Prince George's County*, 475 F.3d 621, 627 (4th Cir. 2007). "An accused is generally not entitled to challenge the veracity of a facially valid . . . warrant affidavit," *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011), and "[w]here the alleged Fourth Amendment violation involves a . . . seizure pursuant to a warrant, the fact that a neutral magistrate . . . issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner," *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). But a facially valid warrant can be

---

[7] In *Fullard v. Maryland*, I noted:

> The legal assertions raised in the complaint and declaration involving Fullard's Moorish-American descent amount to nonsensical gibberish. Fullard claims that he is a "Moorish American" and that, based on his ancestry, the State of Maryland does not have jurisdiction over him. Fullard is not the first person to raise this or similar claims based on an alleged status as a "Moorish American." These claims have been rejected. *See Pitt–Bey v. District of Columbia*, 942 A.2d 1132, 1136 (D.C.2008); *Ferguson-el v. Virginia*, 2011 WL 3652327 (E.D.Va.2011); *Albert Fitzgerald Brockman–El v. N.C. Dep't of Corr.*, Civil Action No. WO-09-633 (M.D.N.C.2009), appeal dismissed for lack of a substantial showing of the denial of a constitutional right, 373 F. App'x 332 (4th Cir.2010). The court is not aware of any instance where the United States has recognized the so-called "Moorish/Muurish Nation" as a sovereign.

No. PWG-14-3405, 2015 WL 1517393 at *1 n.1 (Mar. 31, 2015).

attacked by establishing by a preponderance of the evidence that (1) "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit"; and (2) that the false statement was "necessary to the [neutral magistrate's] finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).

Nowhere in the Complaint does Bey even specify which statements in the warrant affidavit were false, much less provide evidence that either the police officers or Ms. Genao were intentionally or recklessly responsible for the inclusion of the unspecified statements in the warrant affidavit. For the same reason, it is impossible to conclude from the allegations in the Complaint that a neutral magistrate would have found probable cause lacking if the warrant affidavit were purged of the allegedly false statements. Bey's conclusory statements do not state a Fourth Amendment violation that could support a § 1983 claim. *See Iqbal*, 566 U.S. at 678.

Bey's defamation claim is unavailing for similar reasons. To state a defamation claim under Maryland law, a plaintiff must allege facts that show:

> (1) that the defendant made a defamatory communication—i.e., that he communicated a statement tending to expose the plaintiff to scorn, hatred, contempt, or ridicule to a third person who reasonably recognized the statement as being defamatory; (2) that the statement was false; (3) that the defendant was at fault for communicating the statement; and (4) that the plaintiff suffered harm.

*Peroutka v. Streng*, 695 A.2d 1287, 1293 (Md. 1997) (quoting *Shapiro v. Massengill*, 661 A.2d 202, 216–17 (Md. 1995). As Bey never alleges what false statements any Defendant made, much less provide facts that establish the statements' falsity or any Defendant's culpability in propagating the alleged falsehoods, he has not stated a defamation claim.

Thus, Bey's Complaint does not state any viable claim and shall be dismissed. Moreover, I find that any attempt to amend the Complaint would be futile. *See Laber v. Harvey*, 483 F.3d 404, 426 (4th Cir. 2006) (interpreting Fed. R. Civ. P. 15(a) "to provide that 'leave to

amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.' " (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986))). As Bey has not disputed that Officers Gilbert and Merriman were acting in their official capacities in executing the arrest warrant, they would be shielded by qualified immunity, meaning that Bey would have to identify with particularity a clearly established right that they violated in order to obtain relief. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Nor has Bey disputed that Commissioner Mizell was acting in her judicial capacity when she issued the warrant and that State's Attorney McCarty and Assistant State's Attorney Algeo were acting in a prosecutorial capacity when they refrained from pursuing charges against Bey. Thus, all three Defendants are entitled to absolute immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 335 (1983) (holding that "persons—governmental or otherwise—who [are] integral parts of the judicial process" are absolutely immune from damages suits); *Imbler v. Pachtman*, 414 U.S. 409, 427 (1976) (holding that state prosecutors are absolutely immune from damages suits). As for Defendants Residential One, LLC and Jetssibel Genao, it is utterly unclear from Bey's Complaint what role, if any, they played in the sequence of events that prompted this suit. Accordingly, I will dismiss the Complaint with prejudice.

## **ORDER**

Accordingly, it is this 10th day of April, 2017, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendants' Motion to Dismiss, ECF No. 28, IS GRANTED;
2. Plaintiff's Complaint IS DIMSISSED with prejudice;
3. The Clerk SHALL CLOSE the case.

/S/
Paul W. Grimm
United States District Judge

jlb